FILED
U.S. DISTRICT COURT

2006 MAY -2 A 9: 02

DISTRICT OF UTAH
BY: ________
DEPUTY CLERK

Richard W. Perkins (2567)
Attorney for Plaintiffs
4885 South 900 East, Suite 211
Salt Lake City, Utah 84117
Telephone: (801) 266-6808

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * *

ROBERT BERGMAN, GARY SANDER, E. LARRY FACER, MARK CROCKETT, TOM L. LEWIS, and RICHARD COWLEY, AS TRUSTEES OF THE UTAH PIPE TRADES PENSION TRUST FUND, UTAH PIPE TRADES WELFARE TRUST FUND, UTAH PIPE TRADES EDUCATION TRUST FUND, MARKET RECOVERY FUND, AND UTAH STATE ASSOCIATION FUND,

Plaintiffs,

vs.

N.B. PLUMBING & MECHANICAL, INC., a Utah Corporation; and NICK C. BLACK, Individually,

Defendants.

COMPLAINT

Judge Dee Benson
DECK TYPE: Civil
DATE STAMP: 05/02/2006 @ 09:03:22
CASE NUMBER: 2:06CV00359 DB

* * * * * * * * * * * * * * *

The Plaintiffs, by and through their undersigned attorney, complain of the Defendants and allege as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiffs Robert Bergman, Gary Sander, E. Larry Facer, Mark Crockett, Tom L. Lewis, and Richard Crowley, are Trustees of one or more of the captioned Trust Funds. Said Trustees are fiduciaries within the meaning of such term as used in the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1001, et. seq.

2. The captioned Trust Funds, hereinafter sometimes collectively referred to as "Trust Funds", are Employee Benefit Plans within the meaning of Section 3(1), (2),(3) of ERISA, 29 U.S.C. 1002(1)(2)(3) and Section 502 of ERISA, 29 U.S.C. 1132.

3. This is an action brought by the above-named Trustees, as fiduciaries of the Utah Pipe Trades Pension Trust Fund, Utah Pipe Trades Welfare Trust Fund, Utah Pipe Trades Education Trust Fund, Market Recovery Fund, and Utah State Association Fund, to collect delinquent Trust Fund contributions in accordance with the terms and provisions of Labor Agreements hereinafter described, the respective Agreements and Declarations of Trust of the Trust Funds, and the provisions of Section 515 of ERISA, 29 U.S.C. 1145.

4. The Defendant N. B. Plumbing and Mechanical, Inc., ("N.B. Plumbing") is a corporation organized and doing business under and by virtue of the laws of the State of Utah, with its principal office located in Nephi, Utah.

5. The Defendant Nick C. Black, is an owner, officer, and director of the Defendant N. B. Plumbing.

6. Defendant N. B. Plumbing is an Employer within the meaning of such term as used in Section 3(6) of ERISA, 29 U.S.C. 1002(6), that employs, or has employed employees as defined in Section 3(6) of ERISA.

7. Plaintiffs, as Trustees and fiduciaries, administer the Trust Funds as employee benefit plans in the City and County of Salt Lake, state of Utah. Therefore, Plaintiffs are entitled to maintain this action, and jurisdiction and venue are proper by virtue of Section 502 of ERISA, 29 U.S.C. 1132. Section 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2) specifically provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

## GENERAL ALLEGATIONS

8. The allegations of paragraphs 1 through 7 hereof are incorporated herein as if fully set forth.

9. The Trust Funds, named above, are administered by the Plaintiff Trustees pursuant to the terms and provisions of Agreements and Declarations of Trust pertaining thereto, and applicable federal law.

10. The claims against the Defendant N. B. Plumbing herein arise from a series of transactions, namely: performance of labor by employees pursuant to a United Association National Residential Agreement. Defendant N. B. Plumbing is bound to said Agreement by virtue of signing Schedule "A" of the United Association National Residential Agreement ("Agreement"), dated October 6, 2003. Said Agreement incorporates the terms and conditions of the Agreements and Declarations of Trust of each of the above-named Trust Funds.

11. By virtue of the provisions contained in the Labor Agreement to which Defendant N.B. Plumbing is bound, and the Agreements and Declarations of Trust incorporated therein, the Defendant N.B. Plumbing promised and became obligated to make contributions to the said Trust Funds on behalf of its covered employees for each hour worked by such employees in the amount and in the manner prescribed in the said Labor Agreement, and the Agreements and Declarations of Trust.

12. Defendant N. B. Plumbing further agreed to furnish to Plaintiffs, not later than 10 days following the month for which contributions were due, a monthly contribution report setting forth therein the names of employees, hours for which wages were received by the employees, and the contributions required to be made on behalf of each employee, or in such cases where no employees worked or received wages, a statement to that effect and indicating that no contributions were required to be made for such period.

13. Defendant N.B. Plumbing has submitted monthly employer reports, without contributions, for the months of August, 2004, through February, 2005, and May through August, 2005. The past–due contributions for said months total $16,876.00. Since submitting the monthly employer reports, without contributions, Defendant N.B. Plumbing has paid $1,000.00 toward the amount due, leaving an unpaid balance of $15,876.00.

14. Demand for payment of the remaining past-due contributions has been made upon Defendant N.B. Plumbing, but, to date, the same have not been paid.

15. Under the terms of the respective Agreements and Declarations of Trust adopted by the Trustees by each Plaintiff Trust Fund, the Labor Agreement and Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. 1132(g)(2)(C)(ii), the Plaintiffs are entitled to liquidated damages at the rate of 10% of the amount of the delinquent past-due contributions.

16. Under the terms of the respective Agreements and Declarations of Trust adopted by the Trustees of each Plaintiff Trust Fund, and Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. 1132(g)(2)(C)(ii), Plaintiffs are entitled to pre-judgment interest on any unpaid contributions in an amount equal to 12% per annum from the due date until the date of judgment.

17. As a result of Defendant N. B. Plumbing's failure to meet its obligations under the terms of the above-described Agreement, and the respective Agreements and Declarations of Trust of the Plaintiff Trust Funds, Plaintiffs have

been required to employ Counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. 1104(a)(1). Plaintiffs have been and are now incurring attorney's fees as a direct result of Defendant N. B. Plumbing's failure to pay contributions in accordance with the terms and conditions of the above-described Labor Agreement and the respective Agreements and Declarations of Trust of the Plaintiff Trust Funds, and are entitled to attorney's fees in accordance with the Provisions of Section 502(g)(2)(D) of ERISA, 29 U.S.C. 1132(g)(2)(D).

**FIRST CLAIM FOR RELIEF**
**(Delinquent Contributions**

18. The allegations of paragraphs 1 through 17 hereof are incorporated as if fully set forth.

19. The Defendant N. B. Plumbing has failed to pay contributions to Plaintiffs on behalf of its employees for whom it was contractually obligated to pay contributions in violation of the Labor Agreement, the Agreements and Declarations of Trust, and Section 515 of ERISA, 29 U.S.C. 1145.

20. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to judgment against the Defendant N. B. Plumbing as follows:

(a) For the total amount due Plaintiff Trust Funds for August, 2004, through February, 2005, and May through August, 2005, of $15,876, together with

assessed liquidated damages of $1,587.60, and interest of $1,682.64, for a total of $19,146.24.

(b). For a reasonable attorney's fee as determined by the Court in accordance with the mandate of Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2).

(c). For all costs of Court incurred in this action.

(d) That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at Defendant Coates' cost.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

21. The allegations of paragraphs 1 through 20 hereof are incorporated as if fully set forth.

22. Defendant Nick C. Black assumed a fiduciary duty to the Trust Funds that required Defendant N. B. Plumbing to submit timely payment of Trust Fund contributions to Plaintiffs. The Defendant Nick C. Black exercised control over the payment of any Trust Fund contributions due, which are assets of the Plaintiff Trust Funds, and failed or refused to remit such contributions to Plaintiff Trust Funds.

23. The actions of Defendant Nick C. Black complained of herein constitute a breach of fiduciary duty pursuant to ERISA 29 U.S.C. Section 1101, et. seq.

24. As a result of said breach of fiduciary duty, Defendant Nick C. Black is liable to the Plaintiff Trust Funds for all unpaid contributions, liquidated damages, interest, costs and attorney's fees as alleged herein.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, as follows:

1. For unpaid past-due contributions for August, 2004, through February, 2005, and May through August, 2005, in the amount of $15,876.00, together with assessed liquidated damages of $1,587.60, and interest of $1,682.64, for a total of $19,146.24.

2. For a reasonable attorney's fee as determined by the Court in accordance with the mandate of Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2).

3. For all costs of Court incurred herein.

4. For post-judgment interest on the total amount of the judgment, as allowed by law.

5. That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at Defendants' cost.

DATED this 2nd day of May, 2006.

Richard W. Perkins

Richard W. Perkins
Attorney for Plaintiffs
4885 South 900 East, Suite 211
Salt Lake City, Utah 84117

Plaintiffs' Address:

2156 West 2200 South
Salt Lake City, Utah 84119

JS 44 (DUT) 2003

# CIVIL COVER SHEET

## VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF UTAH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS.)

FILED
U.S. DISTRICT COURT
2006 MAY -2 A 9:02
DISTRICT OF UTAH
BY: DEPUTY CLERK

**I. (a) PLAINTIFF(s)** Please list and number each plaintiff

1. ROBERT BERGMAN, et al, as Trustees of the Utah Pipe Trades Pension
2. Trust Fund, et al
3.
4.
5.
6.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Salt Lake
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]

Richard W. Perkins
Attorney for Plaintiffs
4885 South 900 East, Suite 211
Salt Lake City, Utah 84117

**(a) DEFENDANT(s)** Please list and number each defendant

1. N.B. Plumbing & Mechanical, Inc.
2. Nick C. Black
3.
4.
5.
6.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Juab

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]

**Judge Dee Benson**
**DECK TYPE: Civil**
**DATE STAMP: 05/02/2006 @ 09:03:22**
**CASE NUMBER: 2:06CV00359 DB**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify) ________
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Sections 502(a)(3),(e)(2),(g)(2) and 515 of ERISA - collection of contributions payable by Defendants to Plaintiff Trust Funds for the benefit of Defendants' covered employees, plus liquidated damages, interest, costs and fees.

**VI. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

**DEMAND** $19,146.24 plus costs,fees

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ____________ DOCKET NUMBER ____________

## VIII. NATURE OF SUIT *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/ Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

## IX. STATE COURT REMOVALS:

(a) List any parties which are no longer pending:

(b) List any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

| MOTION/DATE FILED | RESPONSE/DATE FILED | REPLY/DATE FILED |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

DATE: May 2, 2006

SIGNATURE OF ATTORNEY OF RECORD: Richard W. Perkins

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________